## UNITED STATES v. JARVIS.

### (District Court, N. D. Washington. January 16, 1894.)

### No. 708.

1. POST OFFICE—OBSCENE SEALED LETTERS.

The mailing of an obscene private sealed letter is not within the prohibition of Rev. St. § 3893, as amended September 26, 1888. U. S. v. Warner, 59 Fed. 355, followed.

2. SAME—EPITHETS ON ENVELOPE.

The word "notorious," when written on the outside of a letter, after the name of the person addressed, as follows, "Room 32, Pease House, Front St., City, The Notorious," is not "obviously intended to reflect injuriously on the character or conduct of another," and the mailing of such letter is therefore not within the prohibition of the statute.

At Law. Indictment of George Jarvis for mailing letters of an indecent character in sealed envelopes, upon the outside of which scurrilous epithets were written. in violation of the act of September 26, 1888, (1 Supp. Rev. St. [2d. Ed.] 621.) Demurrer sustained.

Wm. H. Brinker, U. S. Atty.

D. O. Finch, for defendant.

HANFORD, District Judge. The indictment contains several counts, each charging the defendant with having sent, by mail, a private sealed letter of an indecent character, in violation of the act of September 26, 1888, (1 Supp. Rev. St. [2d Ed.] 621.) In this case, as in the case of United States v. Warner, I hold that the offense is not indictable by reason of the indecent matter contained in the letter. The United States attorney claims, however, that by an allegation to the effect that upon the envelope of each letter there was written an epithet, to wit, the words "The Notorious," calculated and obviously intended to reflect injuriously upon the character of the person addressed, the case is brought within the first section of said statute, which reads as follows:

"That all matter otherwise mailable by law, upon the envelope or outside cover or wrapper of which, or any postal card upon which, any delineations, epithets, terms, or language of an indecent, lewd, lascivious, obscene, libelous, scurrilous, defamatory or threatening character, or calculated by the terms or manner or style of display and obviously intended to reflect injuriously upon the character or conduct of another may be written or printed, or otherwise impressed or apparent, are hereby declared non-mailable matter; * * * and any person who shall knowingly deposit, or cause to be deposited, for mailing or delivery, anything declared by this section to be non-mailable matter, * * * shall, for each and every offense, upon conviction thereof, be fined not more than five thousand dollars, or imprisoned at hard labor not more than five years or both, at the discretion of the court."

The superscription upon the envelope, as set forth in the indictment, after the name of the person, is as follows: "Room 32, Pease

House, Front St., City, The Notorious." The epithet, although presumably offensive to the person addressed, is not per se indecent, scurrilous, or defamatory, nor of a threatening character, and the use of it, therefore, is not prohibited by the law, unless it is both calculated to reflect injuriously upon the character or conduct of a person, and obviously intended to have such injurious effect. The present inquiry may be limited to the simple question whether or not the intention to reflect injuriously upon the character or conduct of any person is obvious. From the style of the superscription it is not obvious that the words "The Notorious" were intended to characterize the person addressed, or any person. On the contrary, the Pease House would appear to have been intended to be designated as "The Notorious." But, assuming that the epithet applies to the person addressed, the words themselves do not necessarily reflect injuriously. Applied to a person without notoriety, they are meaningless. A man may be a notorious wit. Those who possess and exercise superior powers as orators, singers, or actors gain celebrity, and the holders of exalted positions are referred to as noted persons. Applied to persons of such character, the epithet would be considered by those acquainted with their reputations as being in bad taste, but not as implying any bad imputation.

The demurrer will be sustained, and the indictment quashed.